IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. CIV. B-03-094 |
| | § | |
| | § | B-03-201 |
| ISMAEL LOZANO, GERALD MANTHEY | § | |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | DEFENDANT CARLOS MASSO's |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | MEMORANDUM IN SUPPORT |
| SANDOVAL, ERIC SOLIS, and DUAINE | § | OF MOTION TO DISMISS |
| WOHLERS | § | |
| | § | |
| Defendants. | § | |

TO: THE HONORABLE HILDA G. TAGLE
United States District Court, Southern District of Texas

### MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

**COMES NOW CARLOS MASSO** (hereinafter "Masso") and in support of his Motion to Dismiss Count III of Plaintiff Directv's (hereinafter "Plaintiff") Complaint herein pursuant to Rule 12(b)(6) states as follows:

### ISSUE

Whether 18 U.S.C. §2520 provides a private right of action under alleged violations of 18 U.S.C. §2512.

### STATEMENT OF THE CASE

Plaintiff is a California Corporation that alleges actions of Defendant Masso, a resident of Brownsville, Texas, which violate several federal and state statutes. Specifically, Plaintiff alleges in Count III of its complaint (paragraphs 39, 40, 41, and 42) that Defendant Masso illegally possessed and used pirate access devices in violation of

Page 1 of 5

18 U.S.C. §2512, a criminal statute, and that it may now recover damages pursuant to 18 U.S.C. §2520.

## LAW AND ARGUMENT

Defendant Masso maintains that Count III of the Complaint must be dismissed because Directv cannot bring a civil cause of action under the above enumerated title for Defendant Masso's alleged possession of devices in violation of 18 U.S.C. §2512.

### I. Standard of Review

On a motion to Dismiss pursuant to Rule 12(b)(6), the Court must presume the truth of the factual allegations in the Complaint and draw all reasonable inferences in favor of the non-moving party. Dismissal under 12(b)(6) is appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation. See Conley v. Gibson, 335 U.S.C. 41, 45-46 (1957).

### II. A Private Cause of Action Under 18 U.S.C. §2512 does not Exist.

The relevant portion of 18 U.S.C. §2512 provides in part:

(1) Except as otherwise specifically provided in this chapter any person who intentionally:

> (b) *Manufactures, assembles, possesses, or sells* any electronic, mechanical or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communication, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce...shall be fined under this title or imprisoned not more than five years or both. [Emphasis added]

Nowhere is 18 U.S.C. §2512 is there a reference to, or a mention of, "damages" or "private causes of action"—it is a criminal statute. The statute does not directly provide

for civil liability nor does it indirectly suggest that Congress intended to provide such for a private cause of action for its violation.

18 U.S.C. §2520 does, however, provide for a civil cause of action for some violations of the Act:

> (1) Except as provided in section 2511(2)(a)(ii), any person whose wire, oral, or electronic communication is *intercepted, disclosed, or intentionally used* in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." [Emphasis added]

18 U.S.C. §2520(a). Thus, the Electronic Communications Privacy Act does provide for a private cause of action when a party's electronic communication is *intercepted, disclosed, or intentionally used*, but nowhere is there a private cause of action for mere possession of a device. It is clear from the language of 18 U.S.C. §2520(a) that it applies to 18 U.S.C. §2511.

Although the Fifth Circuit has not directly addressed this issue there is case law from other circuits which may assist this Court in addressing this issue. The Fourth Circuit Court of Appeals in Flowers v. Tandy Corp., 773 F.2d 585, 588(4th Cir. 1985), reversed the District Court stating, "at the outset we hold that the district court erred in permitting the jury to consider the criminal statute, 18 U.S.C. §2512 as a basis for imposing civil liability." In its analysis, the Appellate Court stated:

> Looking first to the language of the statute, we find no merit in appellees' assertion that §2520 expressly provides a private caue of action for violations of the criminal proscriptions of §2512. Though §2520 provides an action for any person whose comminication is "intercepted, disclosed or used *in violation of this chapter*," (emphasis added), the language defining the class of persons liable is not comparably broad. The statute expressly limits those against whom the private action lies to the person who "intercepts, discloses, or uses, or procures any other person to

intercept, disclose, or use such communications." This language tracks very closely the criminal offenses set out in §2511, whereas the criminal offenses set out in §2512 are defined in such terms as "manufacture," "assemble," "possess," and "sell." Id.

In a similar action brought by Plaintiff alleging violations of the provisions of 18 U.S.C. §2512 and §2520 in the United States District for the Middle District of Florida, Orlando Division, Directv, Inc. v. Thacker, et al., Case No. 6-03-CV-239, Defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) to Dismiss Count III of the Complaint. Defendants in that case asserted that 18 U.S.C. §2512 does not provide Directv a private right of action. The District Court granted defendants' motion.

### III.   Plaintiff fails to State a Case under 18 U.S.C. §2512

Assuming, *arguendo* and for the purpose of this motion only, that Defendants manufactured, assembled, possessed, or sold devices that were unlawful and that such actions violate §2512. Plaintiff may still not recover under its 18 U.S.C. §2512 cause of action as a matter of law.

### Conclusion

For the foregoing reasons, Defendant Masso respectfully requests that this Honorable Court grant his Motion to Dismiss and enter an Order Dismissing Count III of Plaintiff's Complaint for failing to state a cause of action under 18 U.S.C. §2512.

Respectfully submitted,

Carlos Masso, Pro Se
1621 Tulane Ave.
Brownsville, Texas 78520
Telephone: (956) 550-9938

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been delivered in person to counsel of record listed below on this __11th__ day of July, 2003:

Hon. Lecia L. Chaney
Rodriguez, Colvin & Chaney, L.L.P.
1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522

Hon. Ricardo M. Addobati
134 E. Price Rd.
Brownsville, Texas 78521

_____
Carlos Masso