## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | |
|---|---|
| DIRECTV, Inc., | § |
| | § |
| **Plaintiff,** | § |
| | § |
| V. | § |
| | § |
| ISMAEL LOZANO, GERALD MANTHEY | § |
| LUIS ERNESTO LONGORIA, CARLOS | § |
| MASSO, KLAUS MEYER, ABRAHAM | § |
| OCHOA, GEORGE RAMIREZ, PEDRO | § |
| SANDOVAL, ERIC SOLIS and DUAINE | § |
| WOHLERS | § |
| | § |
| **Defendants.** | § |

United States District Court
Southern District of Texas
FILED

JUL 1 1 2003

Michael N. Milby
Clerk of Court

**No. CIV. B-03-094**

*B-03-201*

## PLAINTIFF'S RULE 12(B)(6) MOTION TO DISMISS
## DEFENDANT, CARLOS MASSO'S, COUNTERCLAIMS

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff, DIRECTV, Inc. ("DIRECTV") files this Rule 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief may be granted to Defendant Carlos Masso's ("Defendant") Counterclaims, and would show:

## OVERVIEW OF DEFENDANT'S CLAIMS

1.      Defendant brings two "counterclaims" against DIRECTV alleging entitlement to (1) damages for Texas common law tort of unfair competition and (2) damages for the intentional infliction of emotional distress. Defendant also seeks attorneys' fees but fails to cite any statutory grounds for such an award.

2.      Defendant's counterclaims are frivolous. Defendant fails to allege facts sufficient to support or from which to infer the required elements for any counterclaim. Defendant's

TRUE COPY I CERTIFY
ATTEST:
N. MILBY, CLERK

counterclaims, accordingly, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## THE COUNTERCLAIMS ARE FRIVOLOUS AND SHOULD BE DISMISSED

3.      Although in reviewing a Rule 12(b)(6) motion the court must accept all of the plaintiff's material allegations and reasonable inferences as true, the court should dismiss the complaint if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Doe v. Hillsboro Independent School Dist.*, 81 F.2d 1395, 1401-02 (5th Cir. 1996); *Walker v. State of Texas,* 217 F.Supp. 776, 777 (E.D. Tex. 2002) (citations omitted). The Fifth Circuit recognizes that a Rule 12(b)(6) motion should be sustained when the complaint is based upon conclusory allegations rather than allegations of fact. *Walker,* 217 F.Supp at 777. A "plaintiff must allege specific facts, not conclusory allegations." *Id.* (citing *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989)). "Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of facts are not admitted as true." *Id.* (citing *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992)).

4.      A review of Defendant's counterclaims reveals a series of conclusory allegations. Defendant offers no genuine factual basis for his counterclaims and does not even attempt to allege the particular elements required for sufficiently stating each claim. Defendant does not allege facts supporting or raising an inference for supporting the essential elements for unfair competition or intentional infliction of emotional distress. Defendant's counterclaims are therefore subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6).

### *Defendant Fails to State a Claim for Unfair Competition*

14.      Defendant asserts a counterclaim for violation of "the Texas common law tort of unfair competition." *Counterclaims* at ¶ 39. In his rambling eight-page "discussion" about

2

"unfair competition," Defendant fails to cite a single court decision, either state or federal. *See Counterclaims* at ¶¶ 39-58. The reason is simple-- his allegations have nothing to do with unfair competition.[1] Defendant apparently has searched the internet and garnered a pleading from a website that posts information regarding DIRECTV. Defendant lifts claims from a suit filed against DIRECTV in California. In fact, Defendant's allegations are wholly based on *California* law on unfair competition. Notably, Defendant fails to inform the Court that these claims were dismissed by the Court in California.

15.    The elements for a common law cause of action for unfair competition in Texas are (1) the plaintiff's use of its trade name or mark that is distinctive and has acquired a secondary meaning; (2) the plaintiff is the senior user of the mark; and (3) the defendant's name or mark would be likely to confuse the public. *Thompson v. Thompson Air Conditioning & Heating, Inc.*, 884 S.W.2d 555, 558 (Tex. App. -- Texarkana 1994, no writ). Plaintiff has not pled and cannot plead any factual allegations remotely related to this cause action. Defendant fails to state an unfair competition cause of action and his claim, accordingly, must be dismissed.

### *Defendant Fails to State a Claim for Intentional Infliction of Emotional Distress*

16.    Defendant's intentional infliction of emotional distress claim comprises a single paragraph that in conclusory fashion alleges that "DIRECTV's conduct was extreme and outrageous and proximately caused Defendant Masso severe emotional distress." *Counterclaims* at ¶ 60. Other than complaining that DIRECTV sent him letters, Defendant alleges no facts in particular to support his emotional distress claim.

---

[1] Defendant cannot allege a Deceptive Trade Practices Act claim because Defendant does not, and cannot, allege standing as a "consumer." *See Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649-50 (Tex. 1996).

17.    To prevail on a claim for intentional infliction of emotional distress a party must show (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's conduct proximately caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65-66 (Tex. 1998). Defendant cannot show, nor has he alleged any **facts** that DIRECTV's two demand letters were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000). Further, Defendant fails to state any facts regarding his "severe emotional distress." Defendant merely makes conclusory statements regarding DIRECTV's demand letters that do not meet any of the elements required to sustain his cause of action. Defendant fails to state a cognizable claim for intentional infliction of emotional distress and the claim should be dismissed.

## PRAYER

Plaintiff, DIRECTV, Inc., respectfully requests the Court to dismiss Defendant Masso's counterclaims for unfair competition and intentional infliction of emotional distress. DIRECTV, Inc. also prays to recover its costs and attorneys' fees for having to defend against Defendant's frivolous counterclaims and be granted any and all other relief to which DIRECTV, Inc. may be entitled at law or in equity.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
    **Lecia L. Chaney**
    State Bar No. 00785757
    Fed. I.D. #16499

4

1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax    : (956) 541-2170

OF COUNSEL:

GREER, HERZ & ADAMS, L.L.P.

**Joe A.C. Fulcher**
Federal ID No. 14126
St. Bar No. 07509320
**Kelly-Ann F. Clarke**
Federal ID No. 27195
St. Bar No. 24027929
**Robert A. Swofford**
Federal ID No. 19403
St. Bar No. 00791765
**Joseph R. Russo, Jr.**
Federal ID No. 22559
St. Bar No. 24002879
One Moody Plaza, 18th Floor
Galveston, Tx  77550
(409) 797-3200 (telephone)
(409) 766-6424 (telecopier)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record, to-wit:

Ricardo Adobbati
Attorney & Counselor At Law
134 E. Price Road
Brownsville, Tx  78521
Attorney for Defendants, George Ramirez and Klaus Meyer

Mr. Carlos Masso, Pro Se
1621 Tulane Avenue
Brownsville, Texas 78521

Mr. Moises M. Vela, Jr.
Attorney at Law
847 E. Harrison St.
Brownsville, Tx 78520
Attorney for Defendant, Ismael Lozano

by certified mail, return receipt requested, facsimile transmission, and/or hand delivery pursuant to the Texas Rules of Civil Procedure on this the _____ / / _____ day of July, 2003.

Lecia L. Chaney

6