IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DIRECTV, Inc., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | B-03-201 |
| § | No. CIV. B-03-094 |
| ISMAEL LOZANO, GERALD MANTHEY § | |
| LUIS ERNESTO LONGORIA, CARLOS § | |
| MASSO, KLAUS MEYER, ABRAHAM § | |
| OCHOA, GEORGE RAMIREZ, PEDRO § | |
| SANDOVAL, ERIC SOLIS and DUAINE § | |
| WOHLERS § | |
| § | |
| Defendants. § | |

Filed SEP 2 4 2003, Michael N. Milby, Clerk of Court

## PLAINTIFF'S RESPONSE TO DEFENDANT CARLOS MASSO'S MOTION TO DISMISS COUNT III OF PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff, DIRECTV, Inc. ("DIRECTV") and files this Response to Defendant Carlos Masso's Motion to Dismiss Count III of Plaintiff's Complaint and would show:

### PRELIMINARY STATEMENT

1. DIRECTV responds to Defendant Carlos Masso's ("Defendant") 12 (b)(6) Motion to Dismiss Count III of Plaintiff's Complaint and requests an order denying Defendant's Motion.

2. A complaint should not be dismissed "unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). "The motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales, Inc. v.*

PLTS. RESP. TO MASSO'S MT. TO DISMISS                                          PAGE - 1 -

*Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). Rule 8(a) of the Federal Rules of Civil Procedure only requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

3.   Defendant seeks to dismiss DIRECTV's 18 U.S.C. §2512(1)(b) claim ("Section 2512") because Section 2512 allegedly does not grant DIRECTV a private right of action. Defendant's motion must fail because 18 U.S.C. §2520 ("Section 2520"), expressly confers a private right of action to sue for violations of Section 2512.

### FEDERAL LAW EXPRESSLY CONFERS A PRIVATE RIGHT OF ACTION FOR VIOLATION OF SECTION 2512(1)(b).

4.   DIRECTV alleges in its Complaint that Defendant has "possessed and used" devices that are primarily useful for illegally intercepting and decoding DIRECTV's satellite television programming, in violation of Section 2512. Defendant contends that Section 2512 does not "directly mention" or "indirectly suggest" civil liability or private recourse for any violation. Contrary to Defendant's assertion, Section 2520 expressly confers a private right of action to sue under Section 2512.

5.   Section 2512 is contained in Chapter 119 of the federal criminal statutes, entitled Wire And Electronic Communications Interception And Interception Of Oral Communications. Section 2520 of Chapter 119, provides in relevant part:

> ". . . any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation *of this chapter may in a civil action recover from the person or entity ... which engaged in that violation* such relief as may be appropriate."

18 U.S.C. § 2520(a) (emphasis added). DIRECTV alleges that its electronic satellite communications were intercepted and used in violation of Chapter 119, and that Defendant engaged in that violation, including by possessing and using devices prohibited by §2512(1)(b).

DIRECTV thus asserts a claim against Defendant that is expressly within the private right of action that Section 2520 confers. Section 2520 clearly grants a private right of action permitting DIRECTV to sue Defendant for violation of Section 2512.

6.  Defendant relies upon the decision in *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985) where the Fourth Circuit held that there was no private right of action under §2512. This decision, however, was decided under an earlier version of § 2520, which has no application here. Prior to the 1986 amendment, § 2520 provided that:

> Any person whose wire and oral communication is intercepted, disclosed or used in violation of this chapter shall (1) have a civil cause of action against any person who intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications, and (2) be entitled to recover from any such person.

18 U.S.C. § 2520 (as amended Pub. L. 91-358, Title II, § 211(c), July 29, 1970). In *Flowers*, the Fourth Circuit concluded that the pre-1986 version of § 2520 "expressly limit[ed] those against whom the private action lies to the person who 'intercepts, discloses, or uses, or procures any other person to intercept, disclose, or use such communications.'" 773 F.2d at 588. The court held that the pre-1986 § 2520 did not confer a private cause of action against a defendant who manufactured or sold a device in violation of § 2512, because such manufacture or sale did not constitute interception, disclosure or use, or procuring another to intercept, disclose or use, as required to state a violation of § 2520. *Id.* at 588-89.

7.  In 1986, Congress amended § 2520 to provide that "any person whose . . . electronic communication is intercepted, disclosed, or intentionally used in violation of" Chapter 119 has a private cause of action against the "person or entity . . . *which engaged in that violation.*" 18 U.S.C. § 2520(a). Thus, § 2520 is no longer limited to claims against a defendant

who intercepted, disclosed or used an electronic communications, but has instead been expanded to permit any plaintiff whose electronic communication has been intercepted, disclosed or used, to sue those who "engaged" in any violation of Chapter 119, including § 2512. *See Oceanic Cablevision*, 771 F. Supp. at 1026-27 (holding that the amendments to § 2520 broadened the statute to confer a private cause of action for violation of all of Chapter 119 (§§ 2510-2521)); *see also E.Q. Stuff*, 207 F. Supp. at 1084 n.8 (finding *Flowers* unpersuasive under the current version of § 2520). Accordingly, the *Flowers* holding applies only to the pre-1986 amendment § 2520 and has no application to determine whether DIRECTV has a private cause of action for violation of § 2512.

8. Furthermore, the *Flowers* decision actually supports the existence of a valid cause of action in this case. DIRECTV has alleged that Defendant knowingly possessed a device, the design of which made it primarily useful for the purpose of the surreptitious interception of satellite communications. *See* Complaint ¶¶ 18, 26 & 27. DIRECTV has also alleged, however, that the "Defendant *used* this illegal device to decrypt and view DIRECTV's satellite transmissions . . . with intent to avoid payment of the lawful charges by . . . use of a device or decoder and other fraudulent means, without authority from DIRECTV, in violation of 18 U.S.C. § 2512 (1)(b)." *Id.* at ¶ 26, 40 & 41. Furthermore, DIRECTV has alleged that "[u]pon information and belief, Defendant used the Pirate Access Device to intercept DIRECTV's signal" and that "Defendant intentionally intercepted or endeavored to intercept DIRECTV's satellite transmission of television programming, in violation of § 2511(1)(a) and (d)." *Id.* at ¶¶ 18, 35, 36 & 37..

9. The absence of similar allegations in *Flowers* was the cause of dismissal. *See Flowers*, 773 F.2d at 589 ("[T]he express language of § 2520 is therefore not susceptible to a

construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511."); *Ages Group, L.P. v. Raytheon Aircraft Co.*, 22 F. Supp. 2d 1310, 1315 (M.D. Ala. 1998) ("[E]ven . . . [Defendant] . . . possessed equipment which it knew or reasonably should have known was designed primarily for surreptitious acquisition of communications under § 2512, AGES [Plaintiff] must also create a question of fact as to whether communications were intercepted, disclosed or intentionally used."). DIRECTV has created a question of fact as to whether the devices possessed by the Defendant were also used for the purpose of intercepting satellite communications and thus, DIRECTV can state a cause of action under § 2512. *See Garcia*, Case No. 03-20452-CIV-LENARD/SIMONTON (S.D. Fla. May 21, 2003) (holding that DIRECTV's allegations that the defendant had purchased and used private access devices was sufficient to assert a private cause of action under §§ 2511 and 2512). Moreover, DIRECTV has specifically alleged that Defendant intercepted and intentionally used the electronic communications of DIRECTV as the court in *DIRECTV, Inc. v. Thacker, et al.*, Case No. 6:03-cv-239-Orl-28DAB (M.D. Fla. Apr. 15, 2003), determined was required to support a civil cause of action under 18 U.S.C. § 2512. *See* Complaint ¶¶ 26, 27, 28, 30, 36 & 40.

10.     Furthermore, Since the *Flowers* decision in cases involving similar allegations, Federal district courts have recognized that Section 2520 confers a private right of action to assert claims under Section 2512. In *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1022 (D. Nebr. 1991), plaintiff, a cable television provider, sued defendants under Section 2512 for selling equipment used to gain unauthorized access to plaintiff's programming. Defendants moved to dismiss on grounds that there is no private right of action under Section 2512. *Id.* at 1026. The court disagreed, holding that Section 2520 "confers a private cause of

action upon persons when the action is brought against parties that have violated the provisions of §§ 2510 – 2521," *i.e.*, any of the statutory sections contained within Chapter 119. *Id.* at 1027. Recently, in *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1084 (C.D. Cal. 2002), the court relied upon Section 2520 and *Oceanic Cablevision* to conclude that DIRECTV could bring a private cause of action for violation of Section 2512.

11.   Because 18 U.S.C. § 2520 provides a civil cause of action for any entity whose communications were intercepted by virtue of conduct that violates the Wiretap Act, and because DIRECTV has alleged that its communications were improperly intercepted by the devices possessed and used by the Defendant, Defendant's motion to dismiss DIRECTV's Section 2512 claim should be denied.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DIRECTV, Inc., respectfully prays that the Court deny Defendant Carlos Masso's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512, and grant such other relief to which DIRECTV shows itself entitled.

Respectfully submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _____
Lecia L. Chaney
State Bar No. 00785757

1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax    : (956) 541-2170

OF COUNSEL:
**Robert A. Swofford**
Federal ID No. 19403
Texas State Bar No. 00791765
**Kelly-Ann F. Clarke**
Federal ID No. 27195
Texas State Bar No. 24027929
**Joseph R. Russo, Jr.**
Federal ID No. 22559
Texas State Bar No. 24002879
**Joe A. C. Fulcher**
Federal ID No. 14126
Texas State Bar No. 07509320
GREER, HERZ & ADAMS, L.L.P
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

### CERTIFICATE OF SERVICE

This is to certify that on the 24th of September, 2003, I served the foregoing motion on opposing counsel or pro se defendant in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows or by facsimile as follows:

Mr. Ricardo Adobbati
134 E. Price Road
Brownsville, TX 78520
Attorney for Klaus & Meyer

Eric Solis
1221 E. Harrison
Harlingen, TX 78550

Luis Ernesto Longoria
574 Azucena Avenue
Brownsville, TX 78520

Carlos Masso
Pro Se
1621 Tulane Avenue
Brownsville, TX 78520

Duaine Wohlers
302 N. 27th Street, Suite 126
Harlingen, TX 78550
Pro Se

Gerald Manthey
2213 N. Whitehouse Circle
Harlingen, TX 78550
Pro Se

Ismael Lozano
244 Boca Chica Blvd.
Brownsville, TX 78521

_/s/ Lecia Chaney_
Lecia L. Chaney

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| DIRECTV, Inc., § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | |
| § | |
| ISMAEL LOZANO, GERALD MANTHEY § | No. CIV. B-03-094 |
| LUIS ERNESTO LONGORIA, CARLOS § | |
| MASSO, KLAUS MEYER, ABRAHAM § | |
| OCHOA, GEORGE RAMIREZ, PEDRO § | |
| SANDOVAL, ERIC SOLIS and DUAINE § | |
| WOHLERS § | |
| § | |
| Defendants. § | |

**ORDER DENYING DEFENDANT CARLOS MASSO'S MOTION TO DISMISS
FOR PLAINTIFF'S FAILURE TO STATE A CLAIM UNDER 18 U.S.C. §2515**

Before the Court is Defendant Carlos Masso's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512. The Court has reviewed the Complaint, the Motion, Plaintiff's Response, and the arguments of counsel. The Court finds that Defendant Carlos Masso's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512 should be denied.

Defendant Carlos Masso's Motion to Dismiss for Plaintiff's Failure to State a Claim under 18 U.S.C. §2512 is, therefore, DENIED.

DONE this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE