IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 4 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| DIRECTV, Inc., | § |
| | § |
| **Plaintiff,** | § |
| | § |
| **V.** | § |
| | § |
| ISMAEL LOZANO, GERALD MANTHEY | § |
| LUIS ERNESTO LONGORIA, CARLOS | § |
| MASSO, KLAUS MEYER, ABRAHAM | § |
| OCHOA, GEORGE RAMIREZ, PEDRO | § |
| SANDOVAL, ERIC SOLIS and DUAINE | § |
| WOHLERS | § |
| | § |
| **Defendants.** | § |

No.  CIV. B-03-094

B-03-201

### PLAINTIFF'S  RESPONSE TO DEFENDANT'S, CARLOS MASSO,
### MOTION TO SEVER AND, IN THE ALTERNATIVE
### MOTION TO CONSOLIDATE

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES Plaintiff, DIRECTV, Inc., and files this Response to Defendant's, Carlos

Masso,  Motion to Sever and, alternatively, Motion to Consolidate Cases, and for cause would

show the Court:

### I. RESPONSE TO MOTION TO SEVER

1.      Plaintiff, DIRECTV, Inc. ("DIRECTV"), responds to Defendant's,  Carlos Masso

("Defendant"), Motion to Sever ("Motion") and requests an order denying Defendant's Motion.

Defendant's Motion should be denied because there are single questions of law or fact common

to all defendants and claims against the defendants arise out of the same transaction, occurrence,

or series of transactions or occurrences.  Moreover, judicial economy and efficiency suggests

that the defendants should be kept in one action.

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By
Deputy Clerk

#110503

1

## A. Preliminary Statement

2.    On or about July 11, 2003, Defendant filed a Motion summarily claiming that DIRECTV improperly joined the claims asserted against him with the claims asserted against other defendants.  As set forth below, however, DIRECTV has properly joined the defendants pursuant to Rule 20(a) of the Federal Rules of Civil Procedure in that the claims against the defendants present common questions of law and fact and arise out of the same transaction, occurrence, or series of transactions or occurrences.  Accordingly, Defendant's Motion should be denied.  Moreover, several district courts have addressed this issue and concluded that DIRECTV's claims are properly joined.  DIRECTV attaches copies of those orders for the Court's convenience as Exhibit "A".

## B. Argument

### *The legal standard for permissive joinder is set forth in Rule 20(a).*

3.    Permissive joinder of claims against multiple defendants is governed by Rule 20(a) of the Federal Rules of Civil Procedure (hereinafter "Rule 20"), which provides in relevant part:

> "All persons...may be joined in one action as defendants if there is asserted against them jointly, *severally*, or in the alternative, any right to relief in respect of or arising out of the *same transaction, occurrence, or series of transactions or occurrences*, and if *any question of law or fact common* to all defendants will arise in the action."

F.R.C.P. 20(a) (emphasis added).  While permissive joinder of defendants has been conditioned upon two requirements – (1) a single question of law or fact common to all defendants, and (2) claims arising out of the same transaction, occurrence or series of transactions or occurrences - the common question and transaction requirements are not rigid tests. *Lott v. Eastman Kodak*

*Company*, 1999 U.S. Dist. LEXIS 5833, 6; 1999 WL 242688 (N.D. Tex. April 16, 1999) (citing WRIGHT & MILLER, 7 Federal Practice and Procedure § 1653 (1986)). Instead, *the requirements are flexible concepts used by the courts to implement the purpose of Rule 20 and are therefore to be read as broadly as possible when doing so is likely to promote judicial economy. Id.* (emphasis added). Rule 20(a) is a pragmatic rule that promotes judicial economy and consistency by enabling a party to avoid costly, overlapping litigation. *See Hanley v. First Investors Corp.*, 151 F.R.D. 76, 78-80 (E.D. Tex. 1993) (discussion of Fifth Circuit's view on "logical relationship" test and interdependence of common question and transactional requirements of Rule 20). The flexible approach seems sound in as much as no difficultly is likely to result from the joinder of even marginally related parties at the pleading stage. 7 WRIGHT, MILLER & KANE, Federal Practice and Procedure: Civil 3d § 1653, at 415-16 (2001). The court always has broad discretion under Rule 20(b) to sever those parties whose claims may be tried more conveniently in separate actions or whose continued presence might be prejudicial to other litigants. *Id.*; *see also, Applewhite v. Reichhold Chemicals*, 67 F.3d 571, 574 (5th Cir. 1995).

### *The claims against the defendants involve at least one common question of law or fact.*

4.    It can hardly be disputed that the claims against the defendants satisfy the requirement of commonality. In this action, DIRECTV asserts identical statutory and common law theories against the defendants for their alleged possession, purchase, and use of devices designed to pirate DIRECTV's satellite signals. Further, DIRECTV asserts that the defendants each purchased from similar dealers, including, among others, Vector Technologies, DSS-Stuff, Shutt, Inc., Whiteviper, Intertek, and DSS-Hangout (collectively "Dealers"), and that each Dealer provided devices and information regarding the utility of such devices (namely, that the

use of such devices permitted the surreptitious interception of DIRECTV programming).
Complaint, ¶¶ 7 and 8.

5.     Common issues exist for each defendant, including the design, manufacture and
ultimate utility of the devices in question (valid or invalid), the design of information and
promotional sources available to the defendants relative to the sale, distribution and use of such
devices (such as internet websites and information provided with shipments), and the overall
damages to DIRECTV due to satellite communications piracy.  DIRECTV will introduce very
similar evidence against each of the defendants for each of these areas.  In sum, even though the
defendants are not alleged to have acted in concert, the fact is that they each allegedly purchased
devices under the same or similar circumstances from the Dealers, used the devices for the same
purpose, and injured DIRECTV in the same manner.  Accordingly, commonality exists.

### The claims against the defendants arise out of the same transaction, occurrence, or series of transactions or occurrences.

6.     The claims against the defendants are transactionally related, meaning that the
claims arise out of the same transaction, occurrence, or series of transactions or occurrences.
Courts assess the facts of each case individually to determine whether joinder is sensible in light
of the policies underlying permissive joinder.  Moreover, "transaction" is a word of flexible
meaning, which may comprehend a series of many occurrences, depending not so much upon the
immediateness of their connection as upon their *logical relationship*. *Hanley*, 151 F.R.D. at 79
(E.D. Tex. 1993) (emphasis added).  In short, absolute identity of all events is unnecessary.

7.     While DIRECTV does not allege that the defendants acted pursuant to a common
plan or scheme, the alleged occurrences giving rise to the claims asserted against the defendants
are of the same nature and are reasonably or logically related.  The records and other information
that serve as the basis of DIRECTV's claims arise from the same investigations and raids.  As

mentioned above, each defendant allegedly purchased the same or similar devices under the same or similar circumstances from the Dealers, used the devices for the same purpose, and injured DIRECTV in the same manner.

8.      Keeping logically related defendants together in one action should promote judicial economy and provide time and cost benefit to the parties. *Lott*, 1999 U.S. Dist. LEXIS 5833, 6 (N.D. Tex. April 16, 1999); 7 WRIGHT, MILLER & KANE, Federal Practice and Procedure: Civil 3d § 1653, at 415-16 (2001).   Moreover, when applying joinder rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged. *Id.* (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 724, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966)).  Given the commonality of facts related to the utility of the devices in question and the manufacturing and promotion of the devices, each of the defendants are likely to be commonly interested in the discovery propounded (if any) by other defendants, depositions taken, and pretrial motions filed by other defendants.  Moreover, because DIRECTV seeks attorneys' fees and costs in relation to the pursuit of this lawsuit, the defendants stand to benefit from the prosecution of this matter on a joint basis, rather than to incur the increased costs if DIRECTV proceeds against each defendant individually.  Obviously, legal issues relating to the parties' claims and defenses may be determined for several defendants at one time as opposed to the necessity for an individual determination for each party.  Thus, the judicial economy gained by pursuing the defendants in one action and corresponding decreased burden on the parties greatly suggests that the allegations against the defendants are logically related, that the transactional requirements of Rule 20 are met and, finally, that Defendant's Motion should be denied.

### *Rule 20 has been satisfied.*

9.      As the requirements of Rule 20 of the Federal Rules of Civil Procedure are satisfied, Plaintiff, DIRECTV, Inc., respectfully requests that the Court deny Defendant's Motion to Sever.

## II. ALTERNATIVLEY, MOTION TO CONSOLIDATE

10.     In the alternative to denying Defendant's Motion to Sever, DIRECTV requests that the Court consolidate this lawsuit and any severed action into one case for purposes of conducting discovery and other pretrial matters in accordance with Rule 42 of the Federal Rules of Civil Procedure.

11.     DIRECTV responds that severance is not warranted in this case. Alternatively, should the Court be inclined to sever Defendant from this action, DIRECTV moves to consolidate the severed action into this lawsuit for purposes of continuing discovery and all pretrial matters.

12.     Rule 42 of the Federal Rules of Civil Procedure permits consolidation of cases where a common question of law or fact exists. FED. R. CIV. P. 42(a); *See* MANUAL FOR COMPLEX LITIGATION, Third, at 119 (1995). The Court may make other orders as to avoid unnecessary costs or delay. *Id.* The parties will derive absolutely no benefit from having separate cases, conducting completely separate discovery and utilizing separate pretrial procedures. Contrarily, the parties do benefit from combined discovery and pretrial procedures. More specifically, DIRECTV benefits through the reduction of the number of depositions that need to be taken of each of its witnesses in this case, and the possibility of answering one set of written discovery on issues that are common between the parties. All defendants benefit by being able to utilize and rely upon combined discovery on common issues, rather than

1:03cv04 #34        Page 6/39

conducting an independent effort. Additionally, DIRECTV seeks fees and costs associated with the prosecution of this matter; thus, reducing the costs associated with duplicate litigation benefits the defendants. Finally, judicial economy is better served by having the parties together on conferences, hearing and rulings on pretrial motions. Accordingly, should the Court be inclined to sever Defendant, Carlos Masso, from this action, DIRECTV requests, that the Court consolidate the severed action with this lawsuit for purposes of all pretrial procedures and proceedings.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DIRECTV, Inc., respectfully prays that the Court deny Defendant's, CARLOS MASSO, Motion to Sever, or alternatively, grant its Motion to Consolidate, and grant such other relief to which DIRECTV shows itself entitled.

Respectfully Submitted,

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

By: _Lecia Chaney_

Lecia L. Chaney
State Bar No. 00785757
Fed Id. No. 1941
1201 E. Van Buren St.
P.O. Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Telefax    : (956) 541-2170

OF COUNSEL:
Robert A. Swofford
Federal ID No. 19403
Texas State Bar No. 00791765
Kelly-Ann F. Clarke
Federal ID No. 27195
Texas State Bar No. 24027929

#110503                                    7

**Joseph R. Russo, Jr.**
Federal ID No. 22559
Texas State Bar No. 24002879
**Joe A. C. Fulcher**
Federal ID No. 14126
Texas State Bar No. 07509320
**GREER, HERZ & ADAMS, L.L.P**
One Moody Plaza, 18th Floor
Galveston, Texas 77550
(409) 797-3200 Telephone
(409) 766-6424 Facsimile

## CERTIFICATE OF SERVICE

This is to certify that on the 24th of September, 2003, I served the foregoing motion on opposing counsel or pro se defendant in the foregoing matter by depositing a copy of same in the United States Mail in a properly addressed envelope with adequate postage thereon as follows or by facsimile as follows:

Mr. Ricardo Adobbati
134 E. Price Road
Brownsville, TX 78520
Attorney for Klaus & Meyer

Eric Solis
1221 E. Harrison
Harlingen, TX 78550

Luis Ernesto Longoria
574 Azucena Avenue
Brownsville, TX 78520

Carlos Masso
Pro Se
1621 Tulane Avenue
Brownsville, TX 78520

Duaine Wohlers
302 N. 27th Street, Suite 126
Harlingen, TX 78550
Pro Se

Gerald Manthey
2213 N. Whitehouse Circle
Harlingen, TX 78550
Pro Se

Ismael Lozano
244 Boca Chica Blvd.
Brownsville, TX 78521

Lecia L. Chaney

#110503                                          8



IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DIRECTV, INC. | § | |
| Vs. | § | CIVIL ACTION NO. 6:03CV245 |
| RYAN PENCE, ET AL. | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff filed the above-styled lawsuit on May 22, 2003, alleging violations of the Cable Communications Policy Act of 1984 (47 U.S.C. § 521, et seq.), the Electronic Communications Policy Act of 1986 (18 U.S.C. § 2510, et seq.) and Texas law for alleged illegal interception of its satellite programming signals. The matter was referred to the undersigned to conduct pretrial proceedings in accordance with 28 U.S.C. § 636.

On August 6, 2003, Defendant John Wiggins, proceeding pro se, filed a Rule 12(b)(6) Motion to Dismiss (docket #14). Wiggins alleges that the Plaintiff's claim pursuant to 18 U.S.C. § 2512 should be dismissed for failure to state a claim. Wiggins argues that § 2512 is a criminal statute that does not provide a private cause of action.

The Plaintiff filed a response on August 21, 2003. The Plaintiff argues that the possession, manufacture or assembly of illegally modified satellite television de-scramblers – such as the Pirate Access Device allegedly purchased by Wiggins – is a violation of § 2512. The Plaintiff further argues that 18 U.S.C. § 2520 confers a private right of action for violations of § 2512 to persons whose communications have been intercepted, disclosed or intentionally used.

N:\Civil\Referrals\Directv - motion to dismiss 6.03cv245.wpd                Page 1 of 5





13:49 SEP 17, 2003          TEL NO: 5901015          #:08336  PAGE: 3/6

*Discussion*

Dismissal for failure to state a claim is appropriate when it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). The pleadings on their face must reveal beyond doubt that the plaintiff can prove no set of facts entitling him to relief. *Garrett v. Commonwealth Mortgage Corp. of America*, 938 F.2d 591, 594 (5th Cir. 1991).

In the original complaint, the Plaintiff alleges that Wiggins, on or about May 21, 2001, purchased a "Terminator Typhoon Multi Purpose," which is allegedly a multi-purpose device designed to be used as a programmer, an unlooper and a T5 loader. The Plaintiff alleges that this multi-purpose device was shipped to Wiggins through either the United States Postal Service or a commercial mail carrier and enabled Wiggins to obtain illegal access to DIRECTV programming without payment.

Title 18, United States Code, Section 2512(b) provides a criminal penalty for anyone who intentionally "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce." Pursuant to 18 U.S.C. § 2520, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged

1:03cv94  #34          Page  10/39

13:50 SEP 17, 2003          TEL NO: 5901015          #:08336 PAGE: 4/6

in that violation such relief as may be appropriate."[1] "[T]his chapter," as used in § 2520 is Chapter 119, which includes § 2512.[2] Therefore, § 2520 provides a private cause of action for violations of § 2512 for someone whose communications have been intercepted, disclosed or intentionally used.

Although the issue has not been directly addressed by the Fifth Circuit, many courts have held that, to the extent a plaintiff alleges that its communications were intercepted, disclosed or intentionally used in violation of Chapter 119, a plaintiff has a private cause of action for conduct that allegedly violates § 2512. See, e.g., *DIRECTV, Inc. v. Gatsiolis*, ___ F.Supp.2d ___, 2003 WL 22111097 (N.D.Ill. Sept. 10, 2003); *DIRECTV, Inc. v. Perez*, ___ F.Supp.2d ___, 2003 WL 22038403 (N.D.Ill. Aug. 27, 2003); *DIRECTV, Inc. V. Cardona*, ___ F.Supp.2d ___, 2003 WL 21910578 (M.D.Fla. July 8, 2003); *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077, 1084 (C.D. Ca W. Div. May 8, 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F.Supp. 1019, 1022 (D.Neb. Feb. 8, 1991). On the other hand, the mere possession of "pirating" equipment is not itself enough to support a private cause of action, even though it may establish a violation of the criminal statute, because § 2520 only gives a cause of action to those whose protected communications have been intercepted, disclosed or intentionally used. *DIRECTV, Inc. v. Childers*, ___ F.Supp.2d ___, 2003 WL 21782295 (M.D.Ala. July 29, 2003).

Wiggins relies on two cases in urging this Court to dismiss the Plaintiff's § 2512 claim – *DIRECTV, Inc. v. Karpkinsky*, 269 F.Supp.2d 918 (E.D.Mich. June 17, 2003) and *DIRECTV, Inc.*

---

[1]Except as provided in section 2511(2)(a)(ii), which narrowly allows the interception of wire, oral or electronic communications when ordered by court order or when there is a proper certification by the Attorney General of the United States that no warrant or court order is required by law.

[2]Chapter 119 – Wire and Electronic Communications Interception and Interception of Oral Communications – includes §§ 2510 through 2522.

13:50 SEP 17, 2003                        TEL NO: 5901015                    #:08336  PAGE: 5/6

*v. Amato*, 269 F.Supp.2d 688 (E.D.Va. June 20, 2003).   The district court in *Karpinsky* granted a

motion for reconsideration and vacated the summary judgment decision relied upon by Wiggins.

*DIRECTV, Inc. v. Karpinsky*, ___ F.Supp.2d ___, 2003 WL 21782351 (E.D.Mich. July 31, 2003).

Moreover, the *Amato* decision is not persuasive because the district court in that case relied upon a

Fourth Circuit case that was decided prior to amendments to § 2520 that broadened its scope and the

case did not involve the use or interception of a protected communication.[3]  See *DIRECTV, Inc. v.*

*Gatsiolis*, *supra*, slip op. p. 2; *DIRECTV, Inc. v. Perez*, *supra*, slip op. p. 2.

   In this case, the Plaintiff alleges more than mere possession of the alleged pirating equipment.

The Plaintiff alleges that Wiggins used the equipment to illegally intercept its satellite programming,

which states a violation of 18 U.S.C. § 2512 and a claim pursuant to 18 U.S.C. § 2520.  Wiggins has

not shown, based upon the pleadings, that the Plaintiff can prove no set of facts entitling it to relief.

*Garrett v. Commonwealth Mortgage Corp. of America*, 938 F.2d at 594.  The Motion to Dismiss

should therefore be denied.

### Recommendation

   It is recommended that Defendant's Motion to Dismiss (docket #14) be denied.

   Within ten (10) days after receipt of the magistrate judge's report, any party may serve and

file written objections to the findings and recommendations of the magistrate judge.

   A party's failure to file written objections to the findings, conclusions and recommendations

contained in this Report within ten days after service shall bar that party from *de novo* review by the

district judge of those findings, conclusions and recommendations and, except upon grounds of plain

---

[3]*Flowers v. Tandy Corp.*, 773 F.2d 585 (4ᵗʰ Cir.1985).

N:\Civil\Referrals\Directv - motion to dismiss 6.03cv245.wpd      **Page 4 of 5**

error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions

accepted and adopted by the district court. *Douglass v. United Services Auto. Assn.*, 79 F.3d 1415,

1430 (5ᵗʰ Cir. 1996) (*en banc*).

SIGNED and ORDERED this /6ᵗʰ day of September, 2003.

_____
JUDITH K. GUTHRIE
UNITED STATES MAGISTRATE JUDGE

# Exhibit "A"

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

03 MAR 17  AM 8: 43

U.S. DISTRICT COURT
N.D. OF ALABAMA

DIRECTV, INC.,                          )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )        Civil Action No.: 03-PT-0082-E
                                        )
DAVID TRUESDALE,                        )
MICHAEL MARANTO, et al.,                )
                                        )        ENTERED
    Defendants.                         )
                                        )        MAR 17 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon several motions filed by defendants David

Truesdale ("Truesdale") and Michael Maranto ("Maranto"). Truesdale filed a Motion to Sever

(Doc. 11) and a Motion to Dismiss (Doc. 16) on February 3, 2003. Maranto also filed a Motion

to Sever (Doc. 14) and a Motion to Dismiss (Doc. 15) on February 3, 2003.[1]

## FACTS AND PROCEDURAL HISTORY[2]

Plaintiff DIRECTV, Inc. ("Direct") is a corporation organized under the laws of the State

of California. *See* Compl. at ¶ 5. Direct provides cable televison and other programming to

viewers via satellite on a subscription and pay-per-view basis. *Id.* at ¶¶ 1-2. Direct encrypts

(electronically scrambles) its satellite transmissions to prevent unauthorized viewing. *Id.* at ¶ 2.

Each customer is required to obtain an Access Card and other system hardware from Direct in

order to decrypt the signals and view the satellite transmission. *Id.* at ¶ 2.

On May 25, 2001, Direct executed Writs of Seizure, with the assistance of local law

---

[1]Truesdale and Maranto also filed motions to transfer the case from the Eastern Division to the Southern
Division (Docs. 12, 13). DIRECTV does not oppose these motions (Docs. 23, 24).

[2]For purposes of these motions only, the facts as stated in the complaint will be taken as true.

*38*



EXHIBIT

A

enforcement, at the mail shipping facility used by several major suppliers of pirate technologies, including White Viper Technologies ("White Viper"). *Id.* at ¶ 3. As a result of this raid, Direct came into possession of a substantial body of sales records, shipping records, etc., indicating that the defendants had purchased pirate access devices. *Id.* at ¶¶ 3, 6–13. Direct filed this complaint on January 14, 2003, alleging violations of 47 U.S.C. § 605(a) (Count I)[3], 18 U.S.C. § 2511(1)(a) (Count II)[4], and 18 U.S.C. § 2512(1)(b) (Count III).[5] Direct also alleges the common law tort of conversion under Alabama law (Count IV).

## LEGAL STANDARD

### I. Motion to Sever

Federal Rule of Civil Procedure 20(a) provides, in part, that joinder is proper if the plaintiffs "assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Therefore, a "party seeking joinder of claimants under Rule 20 must establish two prerequisites: 1) a right to relief arising out of the same transaction or occurrence, or series of transactions or occurrences, and 2)

---

[3] 47 U.S.C. § 605(a) provides, in part, that "No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto."

[4] 18 U.S.C. § 2511(1)(a) provides a criminal punishment for anyone who "intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication."

[5] 18 U.S.C. § 2512(1)(b) provides a criminal punishment for anyone who "manufactures, assembles, possesses, or sells any electronic, mechanical, or other device, knowing or having reason to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire, oral, or electronic communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce."

2

some question of law or fact common to all persons seeking to be joined. *Alexander v. Fulton County*, 207 F.3d 1303, 1322 (11th Cir. 2000). The Supreme Court has stated that "[u]nder the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

## II. Motion to Dismiss

Rule 12(b)(6) tests the legal sufficiency of a complaint. When considering a Rule 12(b)(6) motion, the court assumes that all factual allegations pled in the complaint are true. *United States v. Gaubert*, 499 U.S. 315, 327, 111 S. Ct. 1267, 113 L. Ed. 2d 335 (1991). All factual allegations are to be construed in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). Dismissal under Rule 12(b)(6) is appropriate "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations' of the complaint." *Rendon v. Valleycrest Prods., Ltd.*, 294 F.3d 1279, 1282 (11th Cir. 2002) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

## ARGUMENTS

## I. Motion to Sever

### A. Defendants' Position

Defendants argue that neither prong of Rule 20 has been satisfied. They note that all of the defendants in this case live in different cities all over the State of Alabama. Direct also alleges that the defendants purchased different equipment on different dates. Finally, defendants note that none of the defendants in this case have any familiarity with each other. The alleged

3

conduct is nothing more than a series of isolated incidents. Thus, defendants argue, none of the defendants in this case were involved in the same transaction or occurrence. Also, since all defendants are alleged to have purchased different machines on different dates, there will be different sets of facts, circumstances, and defenses for each defendant. Thus, the second prong of Rule 20 is not met either.

### B. Plaintiff's Position

Direct argues that the defendants did participate in a single transaction or occurrence. Direct notes that in determining what constitutes a "single transaction or occurrence," courts often look to Federal Rule of Civil Procedure 13(a) as a guide. *See Alexander*, 207 F.3d at 1323. Under Rule 13(a), "'transaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (citation omitted). Direct argues that the claims brought against the defendants all involve nearly identical pirate access devices purchased from the same company using the same website. Moreover, Direct learned about these defendants during the same raid. Thus, Direct argues, although the defendants may not have purchased or installed the pirate technology on the same day, their actions are part of a pattern of piracy. Thus, these claims arise out of the same transaction or occurrence.

Direct also argues that the claims against each defendant will involve common questions of law or fact. Direct notes that it need only show that some questions of law or fact are common to the parties. *Alexander*, 207 F.3d at 1324. Here, Direct is seeking redress against each defendant under identical legal theories. Moreover, Direct argues, there are common questions of fact, including but not limited to, the records obtained during the raid, the

4

advertising and other promotional and instructional material distributed by White Viper, the design, purpose, and manner of purchase, shipment, and use of the pirate technology, and how Direct is harmed by the piracy. Direct admits that the defendants did not know each other at the time each one allegedly committed these acts, but instead argues that each one purchased the same type of device under the same or similar circumstances, for the same purpose, ultimately injuring Direct in the same manner. Finally, Direct argues, the defendants will suffer no prejudice if the cases are not severed and that severance will not promote judicial economy or better facilitate a settlement.

C. **Defendants' Reply**

Defendants again note that both prongs of Rule 20 must be satisfied in order for joinder to be proper. *See Grayson v. K-Mart Corp.*, 849 F. Supp. 785 (N.D. Ga. 1994). Defendants argue that Direct is simply trying to put them in the same "basket," which could prove to be prejudicial. The defendants contend that they do not want to be prejudiced in front of the trier of fact by the acts of any of the other defendant that they are currently grouped together with. Finally, defendants cite *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996).[6] In *Tapscott*, plaintiffs filed a class action suit alleging violations of Ala. Code §§ 5-19-1, 5-19-19, and 5-19-20, with respect to "service contracts" sold in connection with automobiles. Plaintiffs then filed an amended complaint, adding a party and alleging similar violations of Ala. Code §§ 5-19-1, 5-19-19, and 5-19-20 against the added party with respect to service contracts sold in connection with retail products. The joined defendant sought to sever the claims against it, and the Eleventh Circuit agreed. Specifically, the court reasoned that "[t]he only similarity between

---

[6]*Tapscott* was abrogated on other grounds in *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

the allegations in the 'automobile' class and the 'merchant' class are allegations of violations of Alabama Code §§ 5-19-1, 5-19-19, and 5-19-20. Such commonality on its face is insufficient for joinder." *Tapscott*, 77 F.3d at 1360. Defendants argue that a similar reasoning should be applied here, in that the only commonality between these defendants is that they allegedly bought pirate technology from the same company and violated the same statutes.

## II. Motion to Dismiss

### A. Defendants' Position

Defendants acknowledge that § 605(a) would apply to the interception of Direct's satellite television programming signals. *See* Def. Br. at 5 (citing *American Television & Communications Corp. v. Floken, LTD*, 629 F. Supp. 1462, 1468 (M.D. Fla. 1986). However, defendants contend, Direct must plead that the defendants actually intercepted its signals. *See, e.g., Community Tel. Sys., Inc. v. Caruso*, 284 F.3d 430, 434-35 (2d Cir. 2002); *United States v. Herring*, 933 F.2d 932, 937 (11th Cir. 1991), *rev'd on other grounds*, 993 F.2d 784 (1993). Defendants note that Direct did plead that defendants received its signals. However, defendants note, Direct also pled that certain equipment is required in order to decrypt and view the satellite transmissions. *See* Compl. at ¶ 2. According to defendants, this equipment includes a digital hardware system ("DSS Hardware") consisting of a satellite dish, integrated receiver/decoder ("IRD"), Access Card, and the necessary programming to activate the Access Card. Defendants contends that Direct has failed to allege, with the exception of the Access Card, that the defendants possessed any of this equipment. Thus, by Direct's own pleadings, defendants could not have intercepted any signals from Direct. Thus, they have failed to state a claim under § 605(a).

6

As for §§ 2511(1)(a) and 2512(1)(b), defendants note that these sections are criminal in nature, not civil. Defendants acknowledge that there is a civil cause of action found in 18 U.S.C. § 2520 for acts committed in violation of one or more of the criminal statutes. However, defendants argue, this does not allow Direct to file two separate causes of action (Counts II & III) based upon the criminal sections. Defendants admit that Direct makes reference to § 2520 in their prayer for relief; however, they argue that these paragraphs do not allege a separate cause of action under § 2520, which is the only civil cause of action available. Thus, Counts II and III fail to state a claim for which relief can be granted.

Defendants also make specific arguments concerning Counts II and III individually. They argue that Count II is due to be dismissed because it is both over-inclusive and under-inclusive. Defendants note that Count II alleges that they, among other things, "endeavored to intercept, or procured other persons to intercept or endeavor to intercept" Direct's satellite signals. See Compl. at ¶ 21. However, according to defendants, § 2520 does not provide a civil action with respect to a charge of procurement. See Peavy v. WFAA-TV, Inc., 221 F.3d 158, 168-69 (11th Cir. 2000) ("The amended provision does not have the 'procures any other person' language, extending civil liability to 'the person or entity which engaged in that violation.'") (emphasis in original). Thus, Count II is over-inclusive. Moreover, Count II is under-inclusive. Defendants cite Senate Report No. 99-541, which states that "Section 103 of the Electronic Communications Privacy Act amends existing section 2520 of title 18 of the United States Code to incorporate violations involving interception, disclosure or intentional use of wire, oral, or electronic communications." 1986 U.S.C.C.A.N. 3555, 3580. Defendants also cite § 2520(a), which provides, in part, that "any person whose wire, oral, or electronic communication is

7

intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity." Thus, defendants argue, *actual* interception is required. An endeavor to intercept is simply not actionable. Thus, Count II is also under-inclusive and should be dismissed.

Defendants make a similar argument with respect to Count III. Again, they cite § 2520, which states in part that "any person whose wire, oral, or electronic communication *is intercepted, disclosed, or intentionally used*" may bring a civil suit. (emphasis added). They also cite 18 U.S.C. § 2510(4), which defines "intercept" as "the aural or other acquisition of the contents of any wire, electronic, or oral communication through the use of any electronic, mechanical, or other device." Thus, defendants argue, in the civil context there must be an actual interception of a transmission in order for there to be a violation of § 2512(1)(b). *See, e.g., Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990); *Broadway v. City of Montgomery*, 530 F.2d 657, 659 (5th Cir. 1976).[7] In Count III, Direct alleges the mere possession of a prohibited device. While this may be enough for a criminal violation, defendants argue, mere possession is not enough in the civil context, absent allegations that a transmission was actually intercepted.

Finally, with respect to Count IV, defendants argue that the conversion charge is also based on their possession of an electronic device. Defendants again note that Direct has failed to allege that they possessed, at any time after the alleged purchase, the DSS Hardware on the necessary programming required to illegally modify one of Direct's Access Cards. Therefore, Direct has not alleged that any of its property was actually converted.

---

[7]Defendants cite other cases to support this proposition. *See* Def. Br. at 10-12.

8

**B. Plaintiff's Response**

Direct notes that Rule 12(b)(6) imposes an "exceedingly low" threshold on the non-moving party, reflecting the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Direct also notes that § 605(a) makes it unlawful to receive a satellite transmission without permission. According to Direct, it has clearly alleged that defendants received a satellite transmission without permission. *See* Compl. at ¶¶ 16-19. Direct contends that defendants cannot simply add an additional requirement, possession of certain equipment, into the statute. Moreover, Direct notes that it also stated that its charges were based upon "other information, and upon information and belief." *Id.* at ¶ 3. Therefore, Direct argues, it has clearly stated a claim with respect to Count I.

With respect to §§ 2511(1)(a) and 2512(1)(b), Direct notes that it specifically invoked the civil remedy found in § 2520 in its prayer for relief. According to Direct, §§ 2511(1)(a) and 2512(1)(b) prohibit a person from intercepting or intentionally using an electronic communication. Counts II and III clearly allege that defendants have violated these sections. *See* Compl. at ¶¶ 20-28. Again, under the exceedingly low standard of Rule 12(b)(6), Direct argues, it has stated viable claims in both Counts II and III.

Finally, as to Count IV, Direct notes that it must allege a wrongful taking, illegal use or misuse of another's property, or a wrongful detention or interference with another's property. *See Crowe v. City of Athens*, 733 So. 2d 447, 450 (Ala. Civ. App. 1999). Direct contends that it has clearly alleged the conversion of its proprietary interests, namely the satellite transmissions. *See* Compl. at ¶¶ 29-32. Again, Direct notes that it basis its claims on "other information, and

9

upon information and belief," and argues that defendants cannot incorporate another element into the law.

## CONCLUSIONS OF THE COURT

The court, having considered all of the foregoing, concludes that all of said motions, except the motions to transfer the case to the Southern Division, are due to be **DENIED**.

This _____ day of March, 2003.

ROBERT B. PROPST
**SENIOR UNITED STATES DISTRICT JUDGE**

10

FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA   03 MAR 17 AM 11: 20
EASTERN DIVISION

U.S. DISTRICT COURT
N.D. OF ALABAMA·

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Civil Action No.: 03-PT-0082-E |
| | ) |
| DAVID TRUESDALE, | ) |
| MICHAEL MARANTO, et al., | ) |
| | ) |
|     Defendants. | ) |

ENTERED

MAR 17 2003

### ORDER

In accordance with the Memorandum Opinion filed contemporaneously herewith,

defendants David Truesdale and Michael Maranto's Motions to Sever (Docs. 11, 14) and

Motions to Dismiss (Docs. 15, 16) are **DENIED.**


This _____ day of March, 2003.


ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

39

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIRECTV, INC.,                          )
                                        )
     Plaintiff(s),                     )
                                        )
vs.                                     )     Case No. 4:02CV1940 JCH
                                        )
HOWARD HURWITZ, CHARLES                 )
SESSION, EUGENE TACONY                  )
and ARMANDO TOTI,                       )
                                        )
     Defendant(s).                     )

## MEMORANDUM AND ORDER

    This matter is before the Court on Defendant Armando Toti's Motion to Dismiss for
Improper Joinder of Party's Defendant, filed January 10, 2003. (Doc. No. 11). The matter is fully
briefed and ready for disposition.

    By way of background Plaintiff, a corporate entity providing direct broadcast satellite systems
to paid residential and business subscribers nationally, brought its Complaint in this matter on
December 19, 2002. (Doc. No. 1). In its Complaint, Plaintiff alleges that Defendants Howard
Hurwitz, Charles Session, Eugene Tacony and Armando Toti individually engaged in unlawful
conduct, in order to procure broadcast satellite programming without a paid subscription to Plaintiff.
Specifically, Plaintiff maintains Defendants violated both federal and Missouri common law, by
purchasing "Pirate Access Cards" and/or "Pirate Access Devices," that enabled them to procure
Plaintiff's programming without payment.

    In the instant motion, Defendant Toti seeks dismissal pursuant to Rule 20 of the Federal
Rules of Civil Procedure. Defendant Toti contends the Defendants were improperly joined in a
single action, as the Complaint contains no allegations that Defendants' actions arose out of the same

transaction or occurrence, or series of transactions or occurrences. Defendant Toti further maintains the allegedly improper joinder will result in delays in the litigation and unnecessary costs.

In response, Plaintiff maintains the claims were properly joined, as the claims against all four Defendants are the same or very similar. For example, all four Defendants are alleged to have purchased, from the same vendor, a device allowing Defendants to "pirate" access to Plaintiff's satellite television programming. Plaintiff further alleges the claims against Defendants all arise from the procurement of records and information in connection with the same investigation, and the raid of the same mail shipping facility utilized by the vendor. Finally, Plaintiff contends that any differences regarding minor background facts do not necessitate the maintenance of separate suits.

Rule 20(a) provides in relevant part as follows:

> Permissive Joinder....All persons....may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Further, Rule 20(b) grants discretion to the Court to order separate trials, or to make such other orders as will prevent delay or prejudice. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

The Eighth Circuit has held the purpose of Rule 20 is, "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley, 497 F.2d at 1332 (citation omitted); Travelers Ins. Co. v. Intraco, Inc., 163 F.R.D. 554, 556 (S.D. Iowa 1995); Geir v. Educational Service Unit No. 16, 144 F.R.D. 680, 688 (D. Neb. 1992).

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be

- 2 -

asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

Mosley, 497 F.2d at 1333.[1]

Applying the above principles to the instant case, the Court finds the permissive joinder of Defendants to be proper. Defendants are all alleged to have engaged individually in the same or similar conduct, i.e., the unlawful purchase of a device designed to obtain Plaintiff's satellite television programming services in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; the Electronic Communications Privacy Act (federal wiretap laws), 18 U.S.C. §§ 2510-2521; and Missouri common law (conversion). Further, all four Defendants are alleged to have purchased their devices from the same vendor, White Viper Technologies. Finally, Plaintiff's cause of action against both Defendant Toti and the other three Defendants arises from records and information obtained through a single investigation and raid of White Viper Technologies' mail shipping facility.

The Court thus finds that both requisites for permissive joinder under Rule 20(a) are met in the instant case. Even assuming some minor facts, such as the date of each Defendant's purchase of the "Pirate Access Device" differs, such differences fail to necessitate the maintenance of separate suits, as "[t]he rule does not require that all questions of law and fact raised by the dispute be common." Mosley, 497 F.2d at 1334.[2]

---

[1] "The transaction and common question requirements of the rule are 'flexible concepts' to implement its purpose. They should be 'read as broadly as possible whenever doing so is likely to promote judicial economy.'" Travelers Ins. Co., 163 F.R.D. at 556, quoting 7 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 1653.

[2] The Court further finds Defendant Toti's speculation regarding possible delays and costs insufficient to justify separate trials. Rather, at this stage of the litigation, it appears a single trial of the claims against the four Defendants will be judicially efficient, and will not prejudice Defendant

- 3 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Toti's Motion to Dismiss for Improper Joinder

of Party's Defendant (Doc. No. 11) is **DENIED**.

Dated this ___6th___ day of February, 2003.

_____
UNITED STATES DISTRICT JUDGE

_____

Toti.

- 4 -

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

**FILED**

NOV 1 8 2002

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO.

DIRECTV, INC.,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )       Case No. 4:02CV1496SNL
                                        )
TIM ELLEBRACHT, ET. AL.,                )
                                        )
        Defendants.                     )

## MEMORANDUM AND ORDER

Plaintiff, a corporate entity providing direct broadcast satellite systems to paid residential and business subscribers nationally, alleges that the three (3) defendants have individually engaged in unlawful conduct to procure broadcast satellite programming without a paid subscription to plaintiff. Plaintiff contends that each of the defendants has violated federal and Missouri common law by purchasing "pirate access cards" in order to procure plaintiff's programming without payment. This matter is before the Court on defendant Ellebracht's motion to sever (#14), filed November 12, 2002. Plaintiff has filed a responsive pleading.

Defendant Ellebracht seeks severance and/or a separate trial pursuant to Rules 20(a) and 42(b) Federal Rules of Civil Procedure. He contends that the claims against the three defendants did not arise from the "same transaction or occurrence". He further claims that the facts giving rise to the claims against each of the defendants differs as to dates, locations, and damages. He contends that he will be prejudiced by any delay occasioned by discovery disputes involving the other two (2) defendants but not himself. Finally, he contends that he will be prejudiced at trial because the jury will be confused by a joint trial on claims unrelated to his alleged conduct. Plaintiff contends that the claims against defendant Ellebracht should not be severed because the

18

claims against all three defendants are the same or very similar. All three defendants are alleged to have purchased, from the same vendor, a device in order to "pirate" access to plaintiff's satellite television programming. Plaintiff further alleges that the claims against the defendants all arise from the procurement of records and information in connection with the same investigation and raid of the same mail shipping facility utilized by the vendor. Finally, plaintiff contends that any difference regarding minor background facts does not necessitate the severance of claims or holding separate trials.

Rule 20(a) provides:

> Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . . A plaintiff or defendant need not be interested in obtaining or defending against all relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Rule 20(b) allows the Court to order separate trials or make such other orders as will prevent delay or prejudice; consequently, the determination on the question of joinder of parties is one of discretion by the district court. Mosley v. General Motors, 497 F.2d. 1330, 1332 (8th Cir. 1974).

The purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley, at 1332; Travelers Ins. Co. v. Intraco, 163 F.R.D. 554, 556 (S.D.Iowa 1995); Geir, et. al. v. Educational Service Unit No. 16, 144 F.R.D. 680, 688 (D.Neb. 1992). "Single trials tend to lessen the delay, expense and inconvenience to all concerned." Mosley, at 1332. This policy is reflected by the Supreme

-2-

Court's holding in United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966) that "[u]nder the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." Id., 383 U.S. at 724; see, Mosley, at 1332; Geir, at 688 (citing United Mine Workers v. Gibbs, supra.).

Rule 20(a) has two specific requisites for application: 1) a right to relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and 2) some question of law or fact common to all the parties must arise in the action. Mosley, at 1333. No hard and fast rules govern application of the rule. Mosley, at 1333; Travelers Ins. Co., at 556; Geir, at 688.

"The transaction and common question requirements of the rule are 'flexible concepts' to implement its purpose. They should be read 'as broadly as possible whenever doing so is likely to promote judicial economy." Travelers Ins. Co., at 556 citing 7 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, §1653. After analyzing the construction of the terms 'transaction or occurrence' as used in connection with Rule 13(a) Fed.R.Civ.P., the Mosley Court held:

> "[a]ll 'logically related' events entitling
> a person to institute a legal action against
> another generally are regarded as comprising
> a transaction or occurrence. The analogous
> interpretation of the terms as used in Rule 20
> would permit all reasonably related claims for
> relief by or against different parties to be
> tried in a single proceeding. Absolute identity
> of all events is unnecessary."

Id., at 1333; Travelers Ins. Co., at 556; Geir, at 688.

Applying these principles, the Court finds that the permissive joinder of the defendants is proper. The defendants are alleged to have all engaged individually in the same or similar

-3-

conduct; i.e., the purchase of a device to wrongfully obtain plaintiff's satellite television programming services in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §605; the Electronic Communications Privacy Act (federal wiretap laws), 18 U.S.C. §§2510-2521; and Missouri common law (conversion). All three defendants are alleged to have purchased a "pirate access device" known as a "Viper Test Card Programmer" and/or "Viper Smart Card Reader/Writer" from the same dealer, White Viper Technologies. The plaintiff's cause of action against defendant Ellebracht, as well as the other two defendants, arises from records and information obtained through the same investigation and raid of White Viper Technologies' mail shipping facility.

The Court finds that both requisites for permissive joinder under Rule 20(a) have been met. Even if some minor facts, such as the date of each defendants' purchase of the "pirate access device" differs among the defendants, such differences fails to necessitate the severance of the plaintiff's claims against defendant Ellebracht. "The rule does not require that all questions of law and fact raised by the dispute be common." Mosley, at 1334.

Finally, the Court does not find defendant Ellebracht's speculation regarding possible discovery disputes to be sufficient to order separate trials under Rule 42(b) Fed.R.Civ.P. At this stage of the litigation, it appears that a single trial of the claims against the three defendants would be judicially efficient, would not confuse a jury, and would not prejudice defendant Ellebracht.

Accordingly,

IT IS HEREBY ORDERED that defendant Ellebracht's motion to sever (#14) be and is DENIED.

-4-

Dated this _26th_ day of November, 2002.

SENIOR UNITED STATES DISTRICT JUDGE

-5-

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

DIRECTV, INC.,                          )
                                        )
        Plaintiff(s),                   )
                                        )
    vs.                                 )    Case No. 4:02CV1940 JCH
                                        )
HOWARD HURWITZ, CHARLES                 )
SESSION, EUGENE TACONY                  )
and ARMANDO TOTI,                       )
                                        )
        Defendant(s).                   )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Armando Toti's Motion to Dismiss for Improper Joinder of Party's Defendant, filed January 10, 2003. (Doc. No. 11). The matter is fully briefed and ready for disposition.

By way of background Plaintiff, a corporate entity providing direct broadcast satellite systems to paid residential and business subscribers nationally, brought its Complaint in this matter on December 19, 2002. (Doc. No. 1). In its Complaint, Plaintiff alleges that Defendants Howard Hurwitz, Charles Session, Eugene Tacony and Armando Toti individually engaged in unlawful conduct, in order to procure broadcast satellite programming without a paid subscription to Plaintiff. Specifically, Plaintiff maintains Defendants violated both federal and Missouri common law, by purchasing "Pirate Access Cards" and/or "Pirate Access Devices," that enabled them to procure Plaintiff's programming without payment.

In the instant motion, Defendant Toti seeks dismissal pursuant to Rule 20 of the Federal Rules of Civil Procedure. Defendant Toti contends the Defendants were improperly joined in a single action, as the Complaint contains no allegations that Defendants' actions arose out of the same

transaction or occurrence, or series of transactions or occurrences. Defendant Toti further maintains the allegedly improper joinder will result in delays in the litigation and unnecessary costs.

In response, Plaintiff maintains the claims were properly joined, as the claims against all four Defendants are the same or very similar. For example, all four Defendants are alleged to have purchased, from the same vendor, a device allowing Defendants to "pirate" access to Plaintiff's satellite television programming. Plaintiff further alleges the claims against Defendants all arise from the procurement of records and information in connection with the same investigation, and the raid of the same mail shipping facility utilized by the vendor. Finally, Plaintiff contends that any differences regarding minor background facts do not necessitate the maintenance of separate suits.

Rule 20(a) provides in relevant part as follows:

> Permissive Joinder....All persons....may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Further, Rule 20(b) grants discretion to the Court to order separate trials, or to make such other orders as will prevent delay or prejudice. Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974).

The Eighth Circuit has held the purpose of Rule 20 is, "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley, 497 F.2d at 1332 (citation omitted); Travelers Ins. Co. v. Intraco, Inc., 163 F.R.D. 554, 556 (S.D. Iowa 1995); Geir v. Educational Service Unit No. 16, 144 F.R.D. 680, 688 (D. Neb. 1992).

> Permissive joinder is not, however, applicable in all cases. The rule imposes two specific requisites to the joinder of parties: (1) a right to relief must be

- 2 -

asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence, or series of transactions or occurrences; and (2) some question of law or fact common to all the parties must arise in the action.

Mosley, 497 F.2d at 1333.[1]

Applying the above principles to the instant case, the Court finds the permissive joinder of Defendants to be proper. Defendants are all alleged to have engaged individually in the same or similar conduct, i.e., the unlawful purchase of a device designed to obtain Plaintiff's satellite television programming services in violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. § 605; the Electronic Communications Privacy Act (federal wiretap laws), 18 U.S.C. §§ 2510-2521; and Missouri common law (conversion). Further, all four Defendants are alleged to have purchased their devices from the same vendor, White Viper Technologies. Finally, Plaintiff's cause of action against both Defendant Toti and the other three Defendants arises from records and information obtained through a single investigation and raid of White Viper Technologies' mail shipping facility.

The Court thus finds that both requisites for permissive joinder under Rule 20(a) are met in the instant case. Even assuming some minor facts, such as the date of each Defendant's purchase of the "Pirate Access Device" differs, such differences fail to necessitate the maintenance of separate suits, as "[t]he rule does not require that all questions of law and fact raised by the dispute be common." Mosley, 497 F.2d at 1334.[2]

---

[1] "The transaction and common question requirements of the rule are 'flexible concepts' to implement its purpose. They should be 'read as broadly as possible whenever doing so is likely to promote judicial economy.'" Travelers Ins. Co., 163 F.R.D. at 556, quoting 7 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure, § 1653.

[2] The Court further finds Defendant Toti's speculation regarding possible delays and costs insufficient to justify separate trials. Rather, at this stage of the litigation, it appears a single trial of the claims against the four Defendants will be judicially efficient, and will not prejudice Defendant

- 3 -

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Toti's Motion to Dismiss for Improper Joinder of Party's Defendant (Doc. No. 11) is **DENIED.**

Dated this _____ day of February, 2003.

_____
UNITED STATES DISTRICT JUDGE

Toti.

- 4 -

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | |
| | § | |
| ISMAEL LOZANO, GERALD MANTHEY | § | No. CIV. B-03-094 |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | |
| SANDOVAL, ERIC SOLIS and DUAINE | § | |
| WOHLERS | § | |
| | § | |
| **Defendants.** | § | |

ORDER DENYING DEFENDANT'S, CARLOS MASSO,
<u>MOTION TO SEVER</u>

Before the Court is Defendant's, Carlos Masso, Motion to Sever.  The Court has
reviewed the Complaint, the motion, Plaintiff's response, and the arguments of counsel.  The
Court finds that Defendant's, Carlos Masso, Motion to Sever should be denied.

Defendant's. Jimmie Morgan, Motion to Sever is, therefore, DENIED.

DONE this _____ day of _____, 2003.


_____
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **DIRECTV, Inc.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **ISMAEL LOZANO, GERALD MANTHEY** | § | **No. CIV. B-03-094** |
| **LUIS ERNESTO LONGORIA, CARLOS** | § | |
| **MASSO, KLAUS MEYER, ABRAHAM** | § | |
| **OCHOA, GEORGE RAMIREZ, PEDRO** | § | |
| **SANDOVAL, ERIC SOLIS and DUAINE** | § | |
| **WOHLERS** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER GRANTING PLAINTIFF DIRECTV, INC.'S
## MOTION TO CONSOLIDATE CASES

Before the Court is Plaintiff DIRECTV, Inc.'s request to consolidate the severed action with this lawsuit for purposes of all pretrial procedures and proceedings pursuant to Rule 42 of the Federal Rules of Civil Procedure. The Court has reviewed the Complaint, the motion, and the arguments of counsel. The Court finds that Plaintiff's Motion to Consolidate Cases has merit.

Plaintiff's Motion to Consolidate Cases is, therefore, GRANTED and it is the ORDER of this Court that the severed action is consolidated with this lawsuit for purposes of all pretrial procedures and proceedings.

DONE this _____ day of _____, 2003.

_____
UNITED STATES DISTRICT JUDGE