UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
OCT 01 2003
Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-03-094 |
| | § | |
| ISMAEL LOZANO, GERALD MANTHEY | § | B-03-201 |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | |
| SANDOVAL, ERIC SOLIS, and DUAINE | § | |
| WOHLERS, | § | |
| | § | |
| Defendants. | § | |

United States District Court
Southern District of Texas
ENTERED
OCT 02 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

## ORDER DIRECTING FILING OF BRIEFS

Before the Court is Defendant Masso's Rule 12(b)(6) Motion to Dismiss (Docket No. 16). After considering the relevant documents, it has come to the Court's attention that the issue of whether or not a civil cause of action arises when a violation of 18 U.S.C. § 2512 occurs has not been addressed by the Fifth Circuit, or, for that matter, any other Circuit.[1] As a result, district courts across the country have employed any of a number of different approaches when dealing with the issue of whether or not a civil cause of action lies in § 2512.

To assist the Court in reaching its decision regarding defendant's Motion to Dismiss, IT IS ORDERED that Plaintiff and Defendant Masso submit briefs in accordance with the following requirements:

(1) Within fourteen (14) days from the entry of this Order, Plaintiff and Defendant Masso shall each serve and file a brief setting forth their respective arguments regarding the proper

---

[1] The obvious exception is *Flowers v. Tandy Computer Corp.*, 773 F.2d 585 (4th Cir. 1985); however, it is unclear whether this case is still good law given the 1986 amendment to 18 U.S.C. § 2520.

interpretation of 18 U.S.C. § 2512 and the basis for any civil cause of action that may exist for violations thereof;

    (2) Please include in your briefs:

        (a) a discussion of your respective interpretations of the language of 18 U.S.C. § 2520;
        (b) discussion of and citation to pertinent district court decisions, including any "negative" case law, which should be distinguished if possible;
        (c) argument regarding the effects of the 1986 amendment to 18 U.S.C. § 2520;
        (d) argument regarding the status and relevance of the Fourth Circuit's decision in *Flowers v. Tandy Computer Corp.*; and
        (e) any other materials that might assist the Court in determining whether or not a civil cause of action may be brought for a violation of 18 U.S.C. § 2512.

    (3) The parties' respective briefs shall not exceed a total of seven (7) pages.

IT IS SO ORDERED this ___/s/___ day of October, 2003.

                                        Felix Recio
                                        United States Magistrate Judge