IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

OCT 15 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| DIRECTV, Inc., | § | |
| | § | |
| Directv, | § | |
| | § | |
| V. | § | No. CIV. B-03-094 |
| | § | |
| | § | B-03-201 |
| ISMAEL LOZANO, GERALD MANTHEY | § | |
| LUIS ERNESTO LONGORIA, CARLOS | § | |
| MASSO, KLAUS MEYER, ABRAHAM | § | DEFENDANT CARLOS MASSO's |
| OCHOA, GEORGE RAMIREZ, PEDRO | § | COURT ORDERED BRIEF |
| SANDOVAL, ERIC SOLIS, and DUAINE | § | IN SUPPORT MOTION DISMISS |
| WOHLERS | § | |
| | § | |
| Defendants. | § | |

TO: THE HONORABLE FELIX RECIO
United States Magistrate, Southern District of Texas

**COMES NOW CARLOS MASSO** (hereinafter "Masso") and files this Court Ordered Brief in support of his Motion to Dismiss Count III of Plaintiff Directv's (hereinafter "Directv") Complaint:

## I. OVERVIEW

MASSO argues that Count III of Directv's Complaint must be dismissed because there is no civil cause of action for violation of 18 U.S.C. § 2512(1)(b). § 2512(1)(b) is solely a criminal statute and contains no civil action authority by its own terms. There is no civil cause of action for violation of § 2512(I)(b) via 18 U.S.C. § 2520(a) because a violation of § 2512(I)(b) does not meet the civil action standing requirement set forth in § 2520(a).

## II. THERE IS NO 18 U.S.C. § 2520(a) CIVIL CAUSE OF ACTION FOR VIOLATION OF 18 U.S.C. § 2512(1)(b)

There is no civil cause of action under § 2512(1)(b) because it is solely a criminal statute.

- 1 -

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By _____
Deputy Clerk

Such authority can only come from § 2520(a) because it is the only section within Chapter 119 that expressly provides civil standing to sue for violations of Chapter 119. Presently, there are two views of who can bring a civil suit under § 2520(a), the Courts that are following the *Oceanic*[1] Line of cases and the Courts that are following the *Flowers*[2] Line of cases.

### A. The *Oceanic* Line of Cases

*Oceanic Cablevision, Inc. v. MD. Electronics*, 771 F. Supp. 1019 (D. Neb. 1991), and its progeny represent the first view of §2520(a). This is the view that Directv has adopted as evident from Count III of their complaint. (See Complaint, Dkt. 1, ¶¶ 39-42). The *Oceanic* line of cases admit that there is no civil action authority within the plain language of § 2512(1)(b). *Oceanic Cablevision. Inc.*, 771 F. Supp. at 1025-26; *Directv, Inc. v. EQStuff, Inc.*, 207 F. Supp.2d 1077, 1084 (Cent. Dist. Cal., 2002); *Directv, Inc. v. Karpinsky*, 2003 U.S. Dist. LEXIS 10912 at * 16-17. The *Oceanic* cases then conclude, however, that a person may still bring a civil cause of action for violation of § 2512(1)(b) via § 2520(a) as long as the complaint contains an allegation that the defendant intentionally and illegally intercepted plaintiff's communications as well as alleging the elements of a §2512(1)(b) criminal claim. Directv does that in this case. *(See Complaint, Dkt. 1, ¶¶ 35-38 and 39-42).*

The problem with *Oceanic's* view is that it ignores the plain language of §2520(a). *Russello v. U.S.*, 464 U.S. 16, 20(1983). This is eminently clear in the *EQStuff and Karpinsky* decisions where both courts in conclusory fashion state that there is a § 2512(1)(b) civil cause of action via §2520(a) without truly examining its language.

In *EQStuff*, that court simply relied upon the holding in *Oceanic Cablevision, Inc.* Citing *Oceanic*, the *EQStuff* court found that § 2520(a) "confers a private cause of action upon persons

---

[1] Oceanic Cablevision, Inc. v. MD. Electronics, 771 F. Supp. 1019 (D. Neb. 1991).
[2] *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985).

-2-

when the action is brought against parties that have violated the provision of §2510-2521." *Directv, Inc. v. EQStuff,* 207 F. Supp.2d at 1084 (citing *Oceanic Cablevision, Inc.,* 771 F. Supp. at 1027). The plain language of § 2520(a) shows this holding to be patently incorrect in large part because the *Oceanic* court ignores the key phrase: "in violation of this chapter." When this key phrase is properly read in conjunction with the words preceding it, there is no doubt that the plain language of §2520(a) expressly provides civil action authority only for those persons who have been aggrieved by a violation of §2511. This is because §2511 is the only section within the parameters set forth in §2520(a), to wit: 18 U.S.C. §§2510-2521, that prohibits unauthorized interception of Directv's signals.

In practical terms, if MASSO illegally intercepts Directv's signals he has criminally violated §2511(1) and is therefore "in violation of this chapter." Directv, as the aggrieved party, falls squarely within the ambit of persons who may civilly sue for "that violation" via § 2520(a) because that violation was illegal interception. On the other hand, if MASSO **possesses** a Pirate Access Device, as alleged by Directv, he is in criminal violation of § 2512(1). This too is a violation of "this chapter." However, the possession violation, or indeed, any of the proscribed acts in §2512(1), is not interception of communications "in violation of this chapter." Consequently, Directv does not derive civil standing from § 2520(a). A review of the second view of who can bring a civil suit under § 2520(a) illustrates the point.

### B. The Flowers Line of Cases

The second view regarding the interrelationship between § 2512 and § 2520 is represented by the Fourth Circuit Court of Appeals in *Flowers v. Tandy Corp,* 773 F.2d 585 (4th Cir. 1985), and the Middle District of Alabama in *The Ages Group, L.P v. Raytheon Aircraft Co., Inc.,* 22 F. Supp. 2d 1310 (M.D. Ala. 1998). This is the view adopted by MASSO.

The *Flowers* view is that there is no civil cause of action under § 2512(1) by its own terms or under the plain language of § 2520(a). The Fourth Circuit first examined the language of § 2520. *Id.* at 588. It rejected any civil cause of action for § 2512 via § 2520 and explained:

> Looking first to the language of the statute, we find no merit in appellees' assertion that § 2520 expressly provides a private cause of action for violations of the criminal proscriptions of § 2512. Though § 2520 provides an action for any person whose communication is 'intercepted, disclosed or used in *violation of this chapter'* (emphasis added), the language defining the class of persons liable is not comparably broad.

*Id.* at 588 (emphasis in the original).

The language focused upon by the Fourth Circuit is exactly the same language that precludes a civil action for § 2512 violations via the current version of § 2520(a). The Fourth Circuit continued:

> The statute expressly limits those [persons] against whom the private action lies to the person who 'intercepts, discloses, or uses. . .such communications." This language tracks very closely the criminal offenses set out in § 2511, whereas the criminal offenses set out in § 2512 are defined in such terms as "manufacture," "assemble," "possess," and "sell." The express language of § 2520 is therefore not susceptible to a construction which would provide a cause of action against one who manufactures or sells a device in violation of § 2512 but does not engage in conduct violative of § 2511.

*Id.* at 588-89.

In refusing to find a civil cause of action under § 2512, the Fourth Circuit explained that:

> § 2512 appears to have been designed for benefiting the public as a whole by removing such devices from the market. Section 2511...is more properly aimed at protecting the particular victim, and indeed, Congress recognized that purpose by expressly providing in § 2520 a private cause of action for victims of acts made criminal in § 2511. Therefore, we hold that § 2512 provides by implication no private cause of action against the seller or manufacturer of a device primarily useful for wiretapping.

*Id.* at 589.

In the instant case, PLAINTIFF not only alleges that MASSO possessed a prohibited

-4-

device but also that he engaged in the manufacture, assembly, distribution and sale of a prohibited device *(see* Complaint, Dkt.1, ¶¶ 28 and 40). According to *Flowers* there is no civil cause of action for these criminal violations of § 2512. For the very same reasoning, there also is no civil cause of action for simple possession.

In a case involving the allegation of possession, rather than the sale of devices, a District Court within the 11th Circuit in *The Ages Group, L.P.,* 22 F. Supp. 2d 1310 (M.D. Ala. 1998), cited *Flowers* for the proposition that "a plaintiff does not have a private right of action against a defendant based upon evidence that the defendant possessed surveillance equipment within the meaning of the statute." *Id. at 1315.* It must be noted that while both *Flowers* and *The Ages Group* were summary judgment cases, the procedural difference between those motions and this motion to dismiss as it relates to § 2512 is not relevant because both courts apparently addressed the issue of the existence of a § 2512 civil claim for the first time at the summary judgment stage. This is the same analysis in which this Court will engage in deciding this Motion.

The *Ages Group* court explained that in a civil context "[w]hile proof of possession of equipment used to intercept oral communications could certainly be part of *Ages'* proof that oral communications were intercepted, possession of equipment **will not support a separate claim...**" *Id.* at 1315 (emphasis added). In short, there is only one claim for illegal interception and that is contained within a civil cause of action for violation of § 2511 via § 2520. The fact of possession of a device only serves as one piece of circumstantial evidence in support of the § 2511 based interception claim. It is not a basis for a separate § 2512 claim via § 2520.

Finally, the Fifth Circuit adopted a similarly restricted reading of § 2520 in *Peavy v. WFAA-TV, Inc.,* 221 F.3d 158, 169 (5th Cir. 2000), wherein it was examining the interplay between § 2511 and § 2520 and the 1986 amendment eliminating the "procurement" part of §

-5-

2520(a). The Fifth Circuit interpreted § 2520 and said:

> Restated, we must assume Congress meant what is said in the amendment. Accordingly, "that violation"' refers only to illegal interception, disclosure, or use, and *not* to procuring interception by another.

*Id.* at 169.

This same reasoning applies with equal force in the instant case. Section 2520 only provides civil action authority for those persons who have suffered an illegal interception *in violation of* Chapter 119. The only section proscribing unauthorized interception is § 2511. Therefore, § 2520(a) only provides civil standing for PLAINTIFF to sue based upon a violation of § 2511, not § 2512.

### III.   1986 AMENDMENT TO 18 U.S.C. § 2520 DOES NOT AFFECT THE *FLOWERS* DECISION

In 1986 Congress Amended §§ 2511, 2512 and 2520.[3] The version of § 2520 considered in the *Flowers* case, supra, by the Fourth Circuit and set forth in full in the opinion was essentially the same as the current version in all relevant aspects. The immaterial differences are: the addition of the word "electronic" to the types of communications to be intercepted in the current version; the increase in statutory damages from $1,000 to $10,000 in the current version; the addition of the § 2511(2)(a)(ii) wiretap assistance immunity provision; and the elimination of the "procurement" aspect of the types of violations covered.[4] These amendments do not materially change § 2520 in any way that affects the Fourth Circuit's reasoning in *Flowers*. Importantly, the version of § 2512 at issue in *Flowers* is nearly identical to the version at issue herein, except for the addition of the word "electronic" to the type of communications covered.

---

[3] See Electronic Communications Privacy Act of 1986, Pub. L. No. 99-508, 100 Stat. 1853. Also see http://thomas.loc.gov/cgi-bin/bdquery/z?d099:HR04952:@@@L|TOM:/bss/d099query.html].

[4] *Id.*

-6-

## IV.  DISTRICT COURTS IN THE SOUTHERN DISTRIC OF TEXAS ARE DISMISSING COUNT III OF PLAINTIFF'S COMPLAINT

Two District Courts in the Southern District of Texas, Corpus Christi Division, have dismissed plaintiff's count III complaint for failure to state a claim under 18 U.S.C. § 2512. The Honorable District Judge Janis Graham Jack has dismissed Count III of Plaintiff's complaint in at least three cases. See *Directv v. Owen*, 2:03cv196; *Directv v. Harvey*, 2:03cv198; *and Directv, Inc. v. Kennedy*, 2:03cv201. In dismissing directv's § 2512 claims the Court cited the *Flowers* and *Peavy*, cases, *supra*. In the case of *Directv, Inc. v. Tedesco*, 2:03cv195, the Honorable Magistrate Judge B.J. Ellington, also dismissed plaintiff's claim under 18 U.S.C. § 2512. Directv filed its objections to the Magistrate Judge's Memorandum and Recommendations and the Honorable District Judge Hayden W. Head, Jr., in a *de novo* review adopted the recommendations of Magistrate Judge B.J. Ellington and dismissed the § 2512 claims.

## CONCLUSION

Based upon the foregoing, Count III of PLAINTIFF'S Complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Respectfully submitted,

_____
Carlos Masso, Pro Se
1621 Tulane Ave.
Brownsville, Texas 78520
Telephone: (956) 550-9938

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served on opposing counsel and to the other defendants and/or their attorneys of record as listed below by delivering the same in person, by certified mail, return receipt requested, by regular U.S. mail or by facsimile transmission on this 15th day of October, 2003:

| | |
|---|---|
| Hon. Lecia L. Chaney<br>Rodriguez, Colvin & Chaney, L.L.P.<br>1201 E. Van Buren St.<br>P.O. Box 2155<br>Brownsville, Texas 78522 | Luis Ernesto Longoria<br>574 Azucena Ave.<br>Brownsville, Texas 78520 |
| Hon. Ricardo M. Addobati<br>134 E. Price Rd.<br>Brownsville, Texas 78521<br>Attorey for Klaus and Meyer | Duaine Wohlers<br>302 N. 27th St., Suite 126<br>Harlingen, Texas 78550 |
| Eric Solis<br>1221 E. Harrison<br>Harlingen, Texas 78550 | Gerald Manthey<br>2213 N. Whitehouse Circle<br>Harlingen, Texas 78550 |
| | Ismael Lozano<br>244 Boca Chica Blvd.<br>Brownsville, Texas 78520 |

_____
Carlos Masso

-8-